UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

CHRISTINE M. GILROY,

               Debtor.

_____/

CHRISTINE M. GILROY and
MID-MICHIGAN EQUESTRIAN CENTER, INC.,

       Plaintiffs,

v.

OTIS FAHL, III, et al.,

       Defendants.

_____/

Case No. 17-20100-dob
Chapter 7
Hon. Daniel S. Opperman

Adversary Proceeding
Case No. 17-2108

OPINION GRANTING DEFENDANTS' MOTION FOR ABSTENTION AND REMAND

Introduction and Facts

One of the Plaintiffs in this Adversary Proceeding is the Debtor, Christine Gilroy. The other

Plaintiff is Mid-Michigan Equestrian Center, Inc. ("MMEC"). MMEC is not a Debtor in this

bankruptcy case, and currently has no pending bankruptcy case, although it did at one point have

a bankruptcy pending in the Western District of Michigan. Both Plaintiffs are pro se. Both Ms.

Gilroy and MMEC are the appellants in an appeal of a state district court judgment against them

regarding a land contract forfeiture, promissory notes and other issues ("District Court Judgment").

This appeal was pending in the Kalkaska County Circuit Court at the time this bankruptcy

proceeding was commenced. The District Court Judgment case number is 16-1230-CZ, and the

Circuit Court appeal case number is 16-121-67-AV ("State Court Actions"). The underlying District

1

Court action was commenced by Otis Fahl, III and Tracy Fahl and appealed by Ms. Gilroy and MMEC. Additionally, Ms. Gilroy and MMEC have listed as Defendants in this removed Adversary Proceeding Jeanna Patterson, Judy Stillwell, Derek Meeske and Carol Meeske (who, along with Otis and Tracy Fahl, are collectively the "Removed Defendants"). Also listed as Defendants in this Adversary Proceeding are Michael Bertrum and Mary Barton, who have not joined the Motion to Remand.[1]

Ms. Gilroy filed a Chapter 13 bankruptcy case on January 22, 2017, which was converted to a Chapter 7 case on February 13, 2017. On June 20, 2017, upon the stipulation of Ms. Gilroy and some of the Removed Defendants, the Court entered an Order Regarding Stipulation for Relief from Stay, which stated in relevant part:

> IT IS HEREBY ORDERED that the automatic stay is lifted with respect to the pending Circuit Court matter in Kalkaska County, being case number 16-1230-CZ and the Appeal from the District Court Judgment and Order being case number 16-121-67-AV pursuant to 11 USC §362(d)(1) and (2).

> IT IS FURTHER ORDERED that the automatic stay is lifted with respect to enforcement of the non-monetary provisions of the Contempt Judgment entered against Debtor and the Mid-Michigan Equestrian Center, Inc.

On September 21, 2017, Ms. Gilroy removed the State Court Actions to this Court pursuant to Federal Rule of Bankruptcy Procedure 9027. Ms. Gilroy asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), because the Removed Defendants' claims against Ms. Gilroy and MMEC involve issues "related to" Plaintiff's bankruptcy case.

---

[1] In her Notice of Removal, Ms. Gilroy references another Kalkaska County Circuit Court action filed on "2/9/16 against Otis Fahl III, Tracy Fahl; Jeanna Patterson; Michael Bertrum; Judy Stillwell; Mary Barton; Derek Meeske; and Carol Meeske, Case #16-12130-CZ, which is pending due to these bankruptcy proceedings." The Notice of Removal does not specifically ask that this action be removed.

2

Ms. Gilroy also seeks that MMEC be joined in these proceedings as a Plaintiff.

On October 6, 2017, the Removed Defendants filed the instant Motion to remand this action back to the Kalkaska County Circuit Court, arguing that Ms. Gilroy has already agreed through the June 20, 2017 stipulated Order for Relief from Stay that the State Court Actions would be pursued in state court. In addition, the Removed Defendants argue that the removal is defective for four reasons:

> 1. FRBP 9027(a)(1) requires that the notice "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court." The Notice of Removal does not contain such a statement.
>
> 2. FRBP 9027(a)(1) also requires that the notice be accompanied by a copy of all process and pleadings. The Notice of Removal is not accompanied by a copy of all process and pleadings of the cases which Gilroy seeks to remove.
>
> 3. FRBP 9027(a)(2) requires that "If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." The filing of the Notice of Removal is well beyond the time frame for filing. In this case, a Notice of Removal would have had to have been filed within 30 days after entry of the Order terminating the stay in Exhibit A. The Notice of Removal was filed more than 90 days after the entry of the Order terminating the stay.
>
> 4. In the Kalkaska County Circuit Court Case, 16-12130-CZ, Mid Michigan Equestrian Center ("MMEC") was a co-plaintiff. In the Kalkaska County Circuit Court Appeal Case, 16-121-67-AV (underlying District Court case 13-17182-SP-2), MMEC was a co-defendant. MMEC did not join in the removal request. Under the rule of unanimity, the removal request is invalid.

Removed Defendants' Motion To Remand, Paragraphs 7-10.

3

Ms. Gilroy and MMEC oppose this Motion for Remand, arguing that the instant matter is a core proceeding, and neither mandatory or permissive abstention is appropriate. Ms. Gilroy and MMEC also assert that "equitable considerations" warrant denying the instant motion to remand, arguing that the ongoing administration of Ms. Gilroy's bankruptcy case provide the requisite "related to" jurisdiction in the bankruptcy court. Ms. Gilroy and MMEC do not address the procedural arguments made by the Removed Defendants under Rule 9027.

Jurisdiction

The parties do not agree that this is a core proceeding. Therefore, the Court could only have jurisdiction of this proceeding if it is determined to be "related to" this Chapter 7 bankruptcy case pursuant to 28 U.S.C. § 1334(b).

Applicable Authority

Rule 9027

Subsections (a)(1) and (2) of Federal Rule of Bankruptcy Procedure 9027 state as follows:

(a) Notice of Removal.

(1) *Where Filed; Form and Content*. A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court, and be accompanied by a copy of all process and pleadings.

(2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code*. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days

4

after the order for relief.

Removal and Remand

28 U.S.C. § 1452 states:

Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

The Sixth Circuit has held, without comment, that "[t]he abstention provisions of 28 U.S.C. § 1334(c)(2) apply even though a case has been removed pursuant to 28 U.S.C. § 1452."

*Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579, 584 n.3 (6th Cir. 1990). Therefore, the Court must analyze the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) (applicable only to related proceedings), the permissive abstention provision of § 1334(c)(1) (applicable to both core and related proceedings), and equitable remand under § 1452(b).

Mandatory Abstention Under 28 U.S.C. § 1334(c)(2)

Section 1334(c)(2) provides for mandatory abstention, stating:

(c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of

5

appropriate jurisdiction.

Under 28 U.S.C. § 1334(c)(2), a bankruptcy court must abstain when the following six requirements are satisfied: (1) the motion is timely filed; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case (in other words, the claim or cause of action is non-core); (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the state law claim or cause of action is the subject of an action that is commenced in a state forum of appropriate jurisdiction; and (6) the state court action can be timely adjudicated. 28 U.S.C. § 1334(c)(2). *Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers on Conn. et al. (In re Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996); *accord Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co., Inc.,* 302 B.R. 620, 627 (N.D. Iowa 2003).

A proceeding is considered "core" only if it "invokes a substantive right created by federal bankruptcy law or one which could not exist outside of bankruptcy." *Sanders Confectionery Prod., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). "Claims that arise under the Bankruptcy Code or arise in a bankruptcy case are core matters; claims that relate to a bankruptcy case, but do not arise in a bankruptcy case or under the Bankruptcy Code are non-core." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999) (internal quotations omitted). Mandatory abstention applies only to non-core proceedings, and applies only when all the other requirements of 11 U.S.C. § 1334(c)(2) are satisfied. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996). Core proceedings may be heard by a bankruptcy court or may be remanded to state court

pursuant to 28 U.S.C. § 1452.

Permissive Abstention Under 28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this provision, bankruptcy courts have discretion to abstain from hearing state law causes of action, and remand those causes of action.

The factors to be considered in determining whether permissive abstention is appropriate consist of the following non-exclusive factors: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors. *Brothers v. Tremaine (In re*

*Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid*

*Funds, Inc. (In re Underwood)*, 299 B.R. 471 (Bankr S.D. Ohio 2003).

Equitable Remand Under 28 U.S.C. § 1452(b)

Under § 1452(b), the Court "may remand . . . on any equitable ground." The equitable

factors that courts have considered include:

1. duplicative and uneconomical effort of judicial resources in two forums;
2. prejudice to the involuntarily removed parties;
3. forum non conveniens;
4. a holding that a state court is better able to respond to a suit involving questions of state law;
5. comity considerations;
6. lessened possibility of an inconsistent result; and
7. the expertise of the court in which the matter was pending originally.

*Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.)*, 158 B.R. 442, 444

(Bankr. N.D. Ohio 1993) (citations omitted).

## Analysis

The Court first concludes that this removed action involves Ms. Gilroy only. MMEC is not

a debtor in this case, and the Court finds no basis to join a non-debtor.

The validity of Ms. Gilroy's removal of this action first depends on whether it is procedurally

sound. The Court analyzes Ms. Gilroy's filings liberally. *Owens v. Keeling*, 461 F.3d 763, 776 (6th

Cir. 2006) (holding that filings by pro se litigants are to be construed liberally). Rule 9027(a)(1)

requires that the notice of removal contain a short statement that the party seeking removal consents

or does not consent to the entry of final orders by the bankruptcy court. The Court finds that Ms.

Gilroy's Notice of Removal contains no such statement. Further, this subsection requires that the

Notice of Removal be accompanied by a copy of all process and pleadings of the cases which are sought to be removed. The Court also finds that the complete record is not attached. The Court notes that Ms. Gilroy represents herself, and giving deference to her ability to amend her pleadings as a pro se litigant, the Court will continue its analysis as to procedure.

Subsection (a)(2) of Rule 9027 requires, as applicable to this case, that the Notice of Removal be filed within the longest of: (1) 90 days of the case filing; or (2) 30 days after entry of an order terminating the stay if the civil action has been stayed by operation of 11 U.S.C. § 362. The Notice of Removal is untimely because it was filed on September 21, 2017, which is more than 90 days after the January 22, 2017 bankruptcy case filing, and more than 30 days after the June 20, 2017 stipulated Order granting relief from stay.[2]   Further, no motion to extend the time was filed by Ms. Gilroy to extend this time period. *See In re Fairfield Sentry, Ltd.*, 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (reversing bankruptcy court's sua sponte enlargement of time period for filing notice of removal, without motion and required showing of excusable neglect before it).

Even if this removed action were timely, the Court next turns to the question of whether it would have jurisdiction over this removed proceeding under 28 U.S.C. § 1452(a), and concludes that it would, but that it will not exercise that jurisdiction under principals of judicial estoppel, mandatory abstention, permissive abstention, and equitable remand.

At most, the Court's jurisdiction can only be "related to" jurisdiction under 28 U.S.C. § 1334(b). The only basis for jurisdiction is that Ms. Gilroy happens to be the Debtor in the

---

[2] As stated in Footnote 1, the Kalkaska County Circuit Court action filed by Ms. Gilroy and MMEC against Otis Fahl III, Tracy Fahl; Jeanna Patterson; Michael Bertrum; Judy Stillwell; Mary Barton; Derek Meeske; and Carol Meeske, Case #16-12130-CZ, is not before the Court, but even if such was, the 90-day deadline pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1) for filing a notice of removal was not met.

underlying Chapter 7 case. "Related to" proceedings are those that could be commenced in a federal or state court independent of the bankruptcy case, with the possibility of a conceivable effect upon the bankruptcy estate. *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). While "related to" jurisdiction may exist, the Court concludes that Ms. Gilroy consented to the lift the stay for the Kalkaska County Circuit Court to state court to make the decision on the same matters Ms. Gilroy is seeking to remove here. Thus, she is bound by the position she assumed under principles of judicial estoppel. *Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir. 1990) ("In order to invoke judicial estoppel a party must show [I] that the opponent took a contrary position under oath in a prior proceeding and [ii] that the prior position was accepted by the court."); *see also Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). Moreover, even if this removed action were timely, the Court will exercise its "related to" jurisdiction to conclude that Ms. Gilroy is bound by the June 20, 2017, Order to lift the stay to allow the State Court Actions to be determined in the state court.

The Court would also abstain from this Adversary Proceeding under both mandatory and permissive abstention principles. Mandatory abstention under 28 U.S.C. § 1334(c)(2) is warranted as all of the factors for such are satisfied. The instant Motion to Remand was timely filed, having been filed within two to three weeks of removal. This proceeding is based upon state law claims or state law cause of action, and is a non-core, "related to"proceeding, with the only basis for original jurisdiction in federal court being Ms. Gilroy's bankruptcy filing. It is also undisputed that the state law cause of action was originally commenced in Kalkaska County Circuit Court, which is a state forum of appropriate jurisdiction. Finally, there has been no showing that the State Court Actions cannot be timely adjudicated by the Kalkaska County Circuit Court.

Additionally, the Court concludes that even if mandatory abstention does not apply, it finds the factors for permissive abstention overwhelmingly favor the Removed Defendants. The state law claims predominate over any bankruptcy issue that would arise out of Ms. Gilroy's Chapter 7 bankruptcy filing. The claims do not involve unsettled issues of state law, and there is no other independent basis for jurisdiction under 28 U.S.C. § 1334. Defendants are non-debtor parties, and both parties' right to a jury trial will be preserved on remand. In considering the factors for permissive abstention, the Court concludes that permissive abstention would alternatively also be appropriate.

Finally, the Court concludes that equitable remand of this proceeding would be appropriate under the factors indicated above. The fact that these claims predominately, if not exclusively, involve state law claims and law favor all of the factors in favor of the Removed Defendants. Further, the prejudice to the involuntarily removed parties, favors the Removed Defendants because they have an interest in pursuing this action in state court, as such will likely have little or no impact on its bankruptcy case.

Accordingly, the Motion for Remand is granted pursuant to 28 U.S.C. §§ 1334(c)(2), 1334(c)(1) and 1452(b), as well as Federal Rule of Bankruptcy Procedure 9027(a). The Court will enter an appropriate order.

**Not for Publication**

**Signed on November 22, 2017**



/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**